Submitted on record and brief January 7, reversed and remanded February 2, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## KEVIN MILLER,
*Appellant.*

CR0214178; A121187

105 P3d 944

Garrett A. Richardson filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for reckless endangerment, ORS 163.195, arguing that the trial court erred in failing to determine that his waiver of his right to counsel was knowing and voluntary. The state concedes that the record does not establish that defendant's waiver of his right to counsel was knowing and voluntary. Upon review of the record, we find the state's concession to be well founded. Accordingly, we reverse and remand.

In *State v. Myrick*, 313 Or 125, 133-34, 831 P2d 666 (1992), the court held that a determination of whether a waiver of right to counsel is knowing and voluntary depends on the extent to which the court has engaged in a colloquy with the defendant concerning the risks of self-representation. This case does not concern the sufficiency of the colloquy; rather, in this case, no colloquy occurred. Such an error requires reversal.

Reversed and remanded.